**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 22, 2016.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 16-10158-TMD |
| MICHAEL E. HUMPHREYS | § | |
| DEBRA D. HUMPHREYS | § | |
| Debtor(s). | § | Chapter 7 Bankruptcy |

### AGREED ORDER FOR RELIEF OF STAY

Comes now Ron Satija, the Chapter 7 Trustee in this action ("Trustee"), and Specialized Loan Servicing LLC ("Specialized"), by counsel, and hereby agree to the entry of this Agreed Order for Relief of Stay and hereby move the Court to approve without further notice or opportunity for hearing by creditors and parties in interest. The Court now finds as follows:

1. On February 10, 2016, Michael E. Humphreys and Debra D. Humphreys ("Debtors") filed a Bankruptcy Petition under Chapter 7 of the United States Bankruptcy Code.

2. On or about February 11, 2000, Michael E. Humphreys and Debra D. Humphreys executed and delivered to First South Bank ("First") a promissory note in the

1

original principal amount of $211,200.00 (the "Note"). The Note was later assigned to Specialized.

3. On or about February 11, 2000, in order to secure payment of the Note and other obligations contained in the Note, Debtors executed and delivered to First a mortgage with respect to the real estate located at 300 Tallwood Trace, Saint Johns, Florida 32259 (the "Real Estate"). The mortgage was later assigned to Specialized.

4. The Trustee is attempting to sell the Real Estate as an asset of this bankruptcy estate.

5. On October 21, 2016, Specialized filed a Motion for Relief from Automatic Stay and Abandonment (Doc. 19).

6. On November 4, 2016, the Trustee filed an Objection to the Abandonment of the Real Estate (Doc.23). The Trustee does not object to the lifting of the stay.

Accordingly, it is hereby ordered that:

1. The automatic stay of 11 U.S.C. §362(a) of the Bankruptcy Code as it pertains to First, the Real Estate, and Debtor is hereby vacated and Specialized may pursue relief against the Real Estate in a state court action, as if this bankruptcy case had not been commenced;

2. The 14 day stayed imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived for cause shown.

3. The Real Estate shall not be abandoned and shall remain property of the bankruptcy estate for six (6) months from the approval of this order. Following the expiration of the six (6) months, the Real Estate shall be automatically abandoned from the bankruptcy estate, unless within that six (6) months the Trustee has entered into a purchase agreement with respect to the Real Estate and Specialized has agreed to

2

such sale.

###

Approved as to form and content:

 /s/ Ron Satija
Ron Satija, Trustee for
The Bankruptcy Estate of Michael E. Humphreys and Debra D. Humphreys

 /s/ Charles L. Kennon, III
Charles L. Kennon, III, Attorney for Specialized Loan Servicing LLC